Order Form (01/2005)

# United States District Court, Northern District of Illinois

MHN

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0044 | **DATE** | January 6, 2011 |
| **CASE TITLE** | Herman L. Nitz (#N-08438) vs. Joseph Birkette, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. **The plaintiff is once again reminded that he must provide the court with the original plus a judge's copy of every document filed.**

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff has submitted a 19-page complaint against thirty defendants. The plaintiff seems to be claiming that he was wrongfully prosecuted for multiple criminal offenses in 2005, 2007 and 2008, that correctional officials permitted other inmates to sexually assault him in retaliation for a lawsuit he filed in 2001, that he developed hypothyroidism from being forced to eat a "genetically altered, soy-laden diet," that he was provided inadequate medical care and treatment for his hepatitis, that he was prescribed psychotropic drugs that triggered diabetes and other health complications, that he was denied access to the courts while confined at the Illinois River Correctional Center, that state officials have refused to comply with Freedom of Information Act requests, that Wheaton police officers used unjustified force against him in 2008 and even drugged him in order to coerce a confession, that appointed counsel in a prior civil rights action provided deficient representation, eventually withdrew from the case, and refused to return the plaintiff's exhibits, that a private citizen falsely tipped off police about the plaintiff's criminal activities, and that grievance officials at several prisons failed to take appropriate action on his grievances, among myriad other claims. The plaintiff also seems to be challenging the dispositions of certain civil and criminal cases.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Although an experienced litigator in this court, the plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. As the plaintiff should be well aware, the Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1). The court will direct correctional officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will be authorized and ordered to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary assessment of the initial partial filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from July 4, 2010, through January 4, 2011].

The plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint submitted is not on the court's form, as required by Local Rule N.D. Ill. 81.1. Because the plaintiff failed to use the court's form, it is unclear whether the various named defendants are state actors and, if so, what public entity employs them. More importantly, the rambling complaint on file does not meet the basic requirements of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the plaintiff's claims.

In addition, the complaint contains misjoined claims against unrelated defendants. As discussed in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Accordingly, the plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.
**(CONTINUED)**

## STATEMENT (continued)

In fact, less than two months ago, this court specifically reminded the plaintiff that he was required to file separate actions in connection with claims not involving a common nucleus of facts. *See Nitz v. Doe*, Case No. 08 C 0334 (N.D. Ill.), Memorandum Opinion and Order of November 22, 2010, p. 10, n. 1 (Hibbler, J.). The plaintiff's willful disregard of that admonition strikes the court as "malicious" and warrants summary dismissal of this case in its entirety. *See* 28 U.S.C. § 1915(b)(1). Nevertheless, because the plaintiff is *pro se*, he will be given the opportunity to bring a single, basic claim under this case number.

Before deciding on which claim to pursue, the plaintiff is cautioned to perform some basic legal research. For example, there is a two-year statute of limitations for Section 1983 actions in Illinois. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. Furthermore, judges have absolute immunity from suits for damages. *See, e.g., Loubser v. Thacker*, 440 F.3d 439, 442 (7th Cir. 2006). Moreover, a plaintiff claiming denial of access to the courts must show "actual injury"–that is, that a state actor hindered the plaintiff's efforts to pursue a nonfrivolous legal claim. *Harrell v. Cook*, 169 F.3d 428, 432 (7th Cir. 1999). If the plaintiff wishes to bring suit against state officials under the Freedom of Information Act, he must do so in the appropriate state circuit court. *See* 5 ILCS § 140/11. Likewise, any cause of action against his attorney(s) for malpractice–or any other person who did not act under color of state law–would lie in state court. To the extent that the plaintiff seeks relief in connection with any civil judgments, his only avenue of relief is through the appeal process; he may not file a second lawsuit to overturn court rulings. In turn, if the plaintiff seeks federal review of a criminal conviction and has had no success through the appeal or collateral review processes, then he must file a petition for a writ of habeas corpus. Finally, Illinois' statutory grievance procedures do not create a protected interest. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Any right to a grievance is a procedural one, not substantive. *Id.* The plaintiff should carefully choose a tenable claim to pursue in his amended complaint in order to avoid being assessed a "strike" under 28 U.S.C. § 1915(g).

The court has also repeatedly admonished the plaintiff that he must provide the court with the original plus a judge's copy of every document filed. *See, e.g., Nitz. v. Doe, supra*, Minute Orders of January 18, 2008, and November 2, 2010. In the future, the court will strike without considering any document filed that fails to comport with this basic filing rule. The plaintiff must provide complete copies, including exhibits, of every document, taking care to bind or organize them. The clerk will not be required to assemble a jumble of documents; nor does the court have the funding or human resources to make copies of documents for litigants, particularly documents consisting of over 200 pages.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint must be limited to a single, core claim against a defendant (or defendants) in this federal judicial district. The amended complaint should set forth how each defendant named in the amended complaint was personally and directly involved in the events giving rise to the lawsuit.

**(CONTINUED)**

**STATEMENT (continued)**

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **Again, as with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint.** Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies, limited to a single, basic claim or defendant. The clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case. At this time, the court reserves judgment as to whether the plaintiff's claims may be legally and factually frivolous as the standard is defined and discussed in *Denton v. Hernandez*, 504 U.S. 25, 32 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (2000).

*Wm. J. Hittler*