

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0044 | **DATE** | February 15, 2011 |
| **CASE TITLE** | Herman L. Nitz (#N-08438) vs. Joseph Birkette, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#5] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to begin making monthly deductions from the plaintiff's inmate account toward payment of the filing fee in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Danville Correctional Center. However, summonses shall not issue at this time. The amended complaint is stricken. The plaintiff is granted thirty days in which to submit a second amended complaint (plus a judge's copy and service copies) limited to a single claim or defendant. Failure to submit a second amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ [For further details see text below.]      Docketing to mail notices.

### STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Because the plaintiff currently has a negative balance in his inmate trust account, the initial partial filing fee is waived pursuant to 28 U.S.C. § 1915(b)(4). The plaintiff's trust fund officer is authorized and ordered to begin collecting monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

**(CONTINUED)**

mjm

## STATEMENT (continued)

However, the plaintiff must submit a second amended complaint, as the amended complaint he submitted does not comply with the court's Minute Order of January 6, 2011. Despite the court's admonitions, the amended complaint still contains misjoined claims against unrelated defendants, describing an alleged false arrest by a Glen Ellyn police officer, prescription of the wrong psychotropic medication at the Shawnee Correctional Center, deliberate indifference to the plaintiff's medical needs, subjection to a soy diet, retaliatory action by prison officials, lost property, and denial of access to the courts at an unspecified correctional facility or facilities, and various issues at the Illinois Correctional Center. Again, as discussed in *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), the plaintiff must choose a single, core claim to pursue under this case number. Any other claims the plaintiff may wish to prosecute must be brought in separate lawsuits.

For the foregoing reasons, the court dismisses the amended complaint without prejudice. The plaintiff is granted thirty days in which to submit a second amended complaint on the court's required form. The amended complaint must be limited to a single, core claim against a defendant (or defendants) located in this federal judicial district. The amended complaint should set forth how each defendant named in the second amended complaint was personally and directly involved in the events giving rise to the lawsuit.

The plaintiff must write both the case number and the judge's name on the second amended complaint, sign it, and return it to the Prisoner Correspondent. Again, as with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the second amended complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the second amended complaint must be attached, and each copy of the second amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff is granted thirty days in which to submit a second amended complaint, plus judge's and service copies, limited to a single, basic claim or defendant. The clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

*Wm. J. Hibbler*