

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0044 | **DATE** | March 11, 2011 |
| **CASE TITLE** | Herman L. Nitz (#N-08438) vs. Joseph Birkette, et al. | | |

**DOCKET ENTRY TEXT:**

The second amended complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The plaintiff's motions for appointment of counsel [document nos. 6 and 9] are denied as moot. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]     Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, three Glen Ellyn, Illinois, police officers, violated the plaintiff's constitutional rights by retaliating against him, by fabricating evidence against him in multiple criminal proceedings, and by maliciously prosecuting him. The plaintiff has submitted a second amended complaint purportedly limited to a core claim, as directed. *See* Minute Orders of January 6, 2011, and February 15, 2011.

As an initial concern, the second amended complaint does not comport with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), or prior orders in this case. This court has advised the plaintiff on at least three prior occasions that separate lawsuits must be filed in connection with unrelated claims. The plaintiff may not challenge a series of arrests and prosecutions merely by using the umbrella label "conspiracy."

Regardless, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the second amended complaint fails to state an actionable claim as a matter of law.

The plaintiff frames his latest complaint as sounding in "retaliation." The plaintiff states, "I have decided that [my] basic core claim will be retaliation against me by Glen Ellyn police officers. . . ." (Second Amended **(CONTINUED)**

    mjm

| STATEMENT (continued) |
|---|

Complaint, p. "5½.") However, he has provided no facts whatsoever to support a cause of action for retaliation. The second amended complaint fails to state a cause of action for "retaliation."

It is well established that "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Walker v. Thompson*, 288 F.3d 1005, 1008-1009 (7th Cir. 2002). "Otherwise permissible actions by prison officials can become impermissible if done for retaliatory reasons." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000). A plaintiff claiming retaliation must allege that: (1) his or her conduct was constitutionally protected, and (2) his or her conduct was a "substantial factor" or "motivating factor" in the defendants' challenged actions. *Mays v. Springborn*, 575 F.3d 643, 650 (7th Cir. 2009) *quoting Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). In the case at bar, the plaintiff has failed to meet his burden of pleading.

Nothing in the second amended complaint suggests that the plaintiff either engaged in protected activity or that he was punished for engaging in such activity. The second amended complaint does not state, for example, that the plaintiff filed a previous lawsuit against any of the named defendants or reported them to the police department's internal affairs for alleged misconduct prior to the arrests at issue. The pleading does not set forth a chronology of events--or any facts at all--based on which retaliatory animus could plausibly be inferred. Instead, the plaintiff's exhibits indicate that he was arrested based on neutral police investigations.

The plaintiff's remaining legal claims are also without merit. To the extent that the plaintiff is suing for malicious prosecution, that tort is not actionable in federal court in Illinois. *Avilas v. Pappas*, 591 F.3d 552, 553-54 (7th Cir. 2010), *citing Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001) (*inter alia*). Illinois state law provides a cause of action to address a malicious prosecution. *See, e.g., Smith v. Lamz*, 321 F.3d 680, 684 (7th Cir. 2003) ("We begin by noting that . . . [the plaintiff] may not maintain an action under § 1983 for malicious prosecution") (citing *Newsome*, 256 F.3d at 750-51). Any cause of action for malicious prosecution would therefore lie in state court, assuming the plaintiff can show that the criminal proceedings were resolved in his favor, among the other elements for a malicious prosecution claim under state law.

Furthermore, the named defendants cannot be held liable either for a judge setting a bond the plaintiff deemed "excessive," or for the denial of a prompt preliminary hearing. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). The named defendants are not responsible for either alleged constitutional violation.

In addition, the plaintiff cannot recover damages against the defendants for perjuring themselves in criminal proceedings. Police officers acting as witnesses "have absolute immunity from a damages suit based on their testimony." *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003), *citing Briscoe v. LaHue*, 460 U.S. 325, 345-56 (1983). "A plaintiff cannot state a due process claim 'by combining what are essentially claims for false
**(CONTINUED)**

arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment.'" *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009), quoting *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003).

Moreover, the plaintiff's allegations are insufficient to support a cause of action for conspiracy. "A generalized allegation of conspiracy that fails to identify the timing, scope, and terms of the agreement ... will not satisfy even the minimal requirements of notice pleading under Fed. R. Civ. P. 8." *Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006), citing *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Although for the purposes of a motion to dismiss the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-1950 (2009). The plaintiff peppers his complaint with legal buzzwords, but again he provides no facts whatsoever that might support an inference of a conspiracy connecting the various, apparently unrelated arrests and prosecutions. To satisfy basic pleading requirements, a plaintiff must state facts, not legal conclusions. *Accord, see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007).

The plaintiff does not indicate the dispositions of any of the underlying charges. If the plaintiff was convicted, then his claims are *Heck*-barred. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. A finding that police framed the plaintiff would necessarily call into question the legality of any convictions. If, on the other hand, the plaintiff was acquitted or the charges were dropped, then he can show no injury

The only conceivably actionable claim raised in the second amended complaint is that the defendants "knowingly suppressed exculpatory evidence that was favorable and material to defense. . . ." (Second Amended Complaint, p. 5½.) However, despite being granted multiple opportunities to state such a claim, the plaintiff has failed to provide facts to support such a charge. The court, having already expended limited judicial resources in reviewing three complaints, is not inclined to grant the plaintiff leave to submit another.

In *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001), the U.S. Court of Appeals for the Seventh Circuit held that due process claims against the police alleging the withholding of evidence should be analyzed under the framework set forth in *Brady v. Maryland*, 373 U.S. 83 (1963). While most commonly viewed as a prosecutor's duty to disclose to the defense, the duty implicated in *Brady* extends to the police and requires that they similarly turn over exculpatory/impeaching evidence to the prosecutor, thereby triggering the prosecutor's disclosure obligation. *See, e.g., Youngblood v. West Virginia*, 547 U.S. 867, 870 (2006); *Phillips v. Allen*, No. 07 C 0666, 2010 WL 3861049, *12 (N.D. Sep. 28, 2010) (Dow, J.).
**(CONTINUED)**

| STATEMENT (continued) |
|---|

In order to state the elements of a *Brady*-type due process claim, a plaintiff must set forth facts indicating that: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued--in other words, "materiality." *Parish v. City of Chicago*, 594 F.3d 551, 554 (7th Cir. 2009) (citing *Carvajal v. Dominguez*, 542 F.3d 561, 566-67 (7th Cir. 2008)).

Evidence is "suppressed" for *Brady* purposes when (1) the prosecution failed to disclose the evidence in time for the defendant to make use of it, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *United States v. O'Hara*, 301 F.3d 563, 569 (7th Cir. 2002) (citing *Boss v. Pierce*, 263 F.3d 734, 740 (7th Cir. 2001)). "*Brady* does not extend so far as to provide relief in a situation where a police officer makes a false statement to a prosecutor." *Carvajal*, 542 F.3d at 567 (citing *Harris v. Kuba*, 486 F.3d 1010, 1017 (7th Cir. 2007)); *see also Gauger v. Hendle*, 349 F.3d 354, 360 (7th Cir. 2003) (overruled on other grounds by *Wallace v. City of Chicago*, 440 F.3d 421, 426 (7th Cir. 2006).

Evidence is "material" "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Carvajal*, 542 F.3d at 567. When determining whether there is a reasonable probability of prejudice, "the question is not whether the defendant would more likely than not have received a different verdict with the evidence, but whether in its absence he received a fair trial, understood as a trial resulting in a verdict worthy of confidence." *Id.* (quoting *Kyles v. Whitley*, 514 U.S. 419, 434 (1995)). Although the Court of Appeals has expressed doubts about whether a Section 1983 plaintiff who has been acquitted at his criminal trial can ever establish prejudice, the Seventh Circuit has analyzed potential claims in order to determine if the decision to go to trial would have been altered by the suppressed evidence. *See Carvajal*, 542 F.3d at 569; *Bielanski v. County of Kane*, 550 F.3d 632, 645 (7th Cir. 2008).

Here, the court does not understand what evidence was "fabricated" or suppressed, or how it may have affected the plaintiff's criminal prosecutions. The plaintiff repeatedly alleges that the defendants "fabricated evidence," and has one sentence alluding to suppression of exculpatory evidence, but he offers no facts to back up those assertions.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

**(CONTINUED)**

Not only has the plaintiff failed to indicate what evidence against him was fabricated, but also he has failed to articulate facts showing that exculpatory evidence was withheld from him. To the contrary, he has specifically stated that evidence in the police files was released to his attorneys. A plaintiff can plead himself or herself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown*, 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted): "A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court." Whether or not the plaintiff himself personally knew of the officers' perceived fabrication of evidence, his attorneys had that evidence; he therefore cannot claim that it was suppressed. The court therefore need not consider whether the phantom evidence in question would have materially affected any of the criminal proceedings.

Finally, as an independent ground for dismissal, the court finds that the plaintiff made a material omission to the court. Page 3 of the civil rights complaint form the plaintiff submitted required him to "List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States." The complaint form further states: "IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE." (emphasis in original).

Notwithstanding the court's admonition, the plaintiff identified only one of at least eight prior lawsuits. The plaintiff's effective "fraud" on the court justifies "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The U.S. Court of Appeals for the Seventh Circuit recently affirmed dismissal for failure of an inmate plaintiff to fully disclose his litigation history. *See Hoskins v. Dart*, — F.3d —, 2011 WL 167032, *2 (7th Cir. Jan. 20, 2011). The plaintiff is cautioned that in signing court filings, he is representing that the statements he makes are true to the best of his knowledge. *See* Fed. R. Civ. P. 11. Before submitting any motions or pleadings to the court, the plaintiff should accordingly review the documents carefully to make sure they are complete and accurate. Misrepresentations to the court could lead to sanctions, including dismissal. *See Sloan*, 181 F.3d at 859; *see also Taylor v. Chicago Police Dep't*, No. 07 C 5097, 2008 WL 2477694 at * 4 (N.D. Ill. Jun. 18, 2008) (Dow, J.) (plaintiff's failure to identify at least five previous lawsuits on the complaint form justified dismissal).

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set
**(CONTINUED)**

| STATEMENT (continued) |
|---|

forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

*Wm. J. Hibbler*