Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0044 | **DATE** | March 31, 2011 |
| **CASE TITLE** | Herman L. Nitz (#N-08438) vs. Joseph Birkette, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for reconsideration [#11] is denied. The case remains closed.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, three Glen Ellyn, Illinois, police officers, violated the plaintiff's constitutional rights by retaliating against him, by fabricating evidence against him in multiple criminal proceedings, and by maliciously prosecuting him.

By Minute Order of March 11, 2011, the court summarily dismissed the second amended complaint on initial review pursuant to 28 U.S.C. Section 1915A for failure to state a claim. Having considered the plaintiff's "motion to request leave to file reconsideration," the court remains satisfied that the case was properly dismissed.

As discussed in the court's dismissal order, it is well established that "[a]n act taken in retaliation for the exercise of a constitutionally protected right violates the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000); *see also Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Walker v. Thompson*, 288 F.3d 1005, 1008-1009 (7th Cir. 2002). However, nothing in the second amended complaint suggested that the plaintiff either engaged in protected activity or that he was punished for engaging in such activity. The plaintiff's motion for reconsideration provides no additional information that might support an inference of retaliation.

In his motion for reconsideration, the plaintiff maintains that the officers who drafted police reports accusing him of committing crimes were retaliating against him for motions he filed in his criminal cases, as **(CONTINUED)**

mjm


well as for his ensuing mandamus and civil rights actions. But the plaintiff cannot logically argue that the police reports were in retaliation for any court action he took **after** his arrest[s].

According to the second amended complaint, defendants Harvey, Perkins and Terranova filed false police reports in July and October 2007. The plaintiff now contends that the police were motivated by retaliatory animus because the plaintiff filed pretrial motions in his criminal cases accusing them of misconduct, state mandamus actions of an unspecified nature, and a civil rights action. None of that protected activity can form the basis for retaliation.

All of the protected activity the plaintiff describes took place after the police reports were drafted. Although the plaintiff presents a very sketchy time line, it seems safe to assume from the plaintiff's exhibits that police investigations resulted in the officers' reports, which triggered the plaintiff's arrest[s], which, in turn, led to the multiple criminal prosecutions. Any motions filed in the criminal cases would have obviously followed the challenged investigations and arrests. The plaintiff's state mandamus actions bore the case numbers 08 MR 700 and 08 MR 1004; in other words, they were filed in 2008, after the 2007 police reports were drafted. The plaintiff's federal civil rights action, *Nitz v. Doe*, Case No. 08 C 0334 (N.D. Ill.), was also filed in 2008. [In addition, Officers Harvey and Perkins were never served in that case because the original complaint naming them as defendants was dismissed and those officers were not named as defendants in subsequent pleadings.] In short, the police reports cannot be attributed to retaliation when the allegedly false reports pre-dated the plaintiff's flurry of court activity.

The plaintiff additionally asserts that on April 17, 2008, Officer Perkins charged him "with 3 new felony offenses he knew I did not commit." Any such claim is untimely. The statute of limitations for Section 1983 actions in Illinois is two years. *See, e.g., Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008); 735 ILCS § 5/13-202. A cause of action for an unlawful arrest accrues on the date of the arrest. *See, e.g., Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006): "We reaffirm the holding of *Booker v. Ward*, 94 F.3d 1052, 1056-57 (7th Cir. 1996), that false arrest claims accrue at the time of arrest." Because the plaintiff waited until January 4, 2011, almost three years, to initiate suit, his false arrest/retaliatory arrest claim against Perkins is time-barred.

Finally, the plaintiff's claim that Officer Harvey committed perjury is likewise non-actionable. As noted in the court's prior order, police officers acting as witnesses "have absolute immunity from a damages suit based on their testimony." *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003), *citing Briscoe v. LaHue*, 460 U.S. 325, 345-56 (1983). Again, if the plaintiff wishes to challenge his convictions, he must avail himself of the appeal process, any available state court collateral remedies such as habeas or post-conviction proceedings, or federal habeas corpus. The court cannot, in the context of a civil rights action, determine the validity of the plaintiff's convictions.

For the foregoing reasons, the plaintiff's motion for reconsideration is denied. The case remains closed.

*[signature: Wm. J. Hibbler]*